JAMES DUGGAN V. JOHN HANSEN.

FILED JANUARY 3, 1895.    No. 5100.

1. **Animals:** RUNNING AT LARGE. *Duggan owned a bull which escaped from his premises and broke into the pasture of one Fatchett, in which the latter was keeping for hire a mare of one Hansen. Duggan and Fatchett knew the bull had broken into the latter's pasture and by agreement between them he was allowed to remain in the pasture over night, during which time he killed the mare of Hansen. Hansen then sued Duggan for the value of the mare. Held.* (1) That the bull was running at large in the night-time within the meaning of section 14, article 3, chapter 2, Compiled Statutes, 1893; (2) that although Fatchett's conduct in permitting the bull to remain in the pasture with

Hansen's mare over night was evidence of such negligence on his part as would have justified a jury in finding him liable for the value of the mare, yet Fatchett's negligence was no defense for Duggan.

2. The evidence examined, and *held* to support the judgment of the district court.

ERROR from the district court of Perkins county. Tried below before CHURCH, J.

*Saunders & Prime* and *John J. Halligan*, for plaintiff in error:

The animal was not running at large. (Bouvier's Law Dictionary; *Thompson v. Corpstein*, 25 Cal., 653.)

Hansen is chargeable with Fatchett's negligence and cannot recover. (3 Wait, Actions & Defenses, p. 617; *McCarthy v. Wolfe*, 40 Mo., 520; *Sargent v. Slack*, 47 Vt., 674; *Halty v. Markel*, 44 Ill., 225; *Knowles v. Mulder*, 41 N. W. Rep. [Mich.], 896; *Brooks v. Taylor*, 65 Mich., 208; *Meier v. Shrunk*, 44 N. W. Rep. [Ia.] 209.)

*Parsons & Logan, contra.*

RAGAN, C.

James Duggan by this, a proceeding in error, seeks to reverse the judgment of the district court of Perkins county rendered against him at the suit of John Hansen. The only assignment relied upon for the reversal of the judgment is that it is contrary to the law and the evidence of the case. Hansen owned a mare which one Fatchett was pasturing for hire. At this time Duggan owned a bull. This bull broke away from the premises or herd of Duggan and broke into the pasture of Fatchett, in which was Hansen's mare, and while in the pasture gored the mare, of which she died; and Hansen brought this suit against Duggan to recover the value of the mare.

Section 14, article 3, chapter 2, Compiled Statutes, 1893,

provides: "No cattle, horses, mules, swine or sheep shall run at large during the night-time, between sunset and sunrise, in the state of Nebraska, and the owner or owners of any such animal shall be liable in an action for damages done during such night-time." The first contention of plaintiff in error is that the evidence does not disclose that his bull was running at large in the night-time within the meaning of this statute. The evidence shows that the bull escaped from Duggan's premises or herd some time late in the afternoon or in the early evening and broke into Fatchett's pasture. Duggan learned of the fact, and by agreement between Fatchett and Duggan the bull was permitted to remain in the pasture into which he had broken during the night. This evidence then establishes the fact that the bull was running at large, that is, he was free to go where he chose in Fatchett's pasture during the night that he gored Hansen's mare. The evidence sustains the finding of the jury that this bull was a vicious and dangerous animal, and known by Duggan to be vicious and dangerous at and before the time that he committed the injury for which Duggan is sued in this case. The next argument is that Hansen cannot recover in this case because it is said that Fatchett, being Hansen's bailee, was guilty of contributory negligence in permitting Duggan's bull to remain over night in the pasture with Hansen's mare, and that Fatchett's negligence was the negligence of Hansen. The evidence in the record shows that soon after the bull broke into Fatchett's pasture he had knowledge thereof, and that he agreed with Duggan or his agent that the bull might remain in the pasture over night, and that Hansen's mare was at the time in the pasture. This act of Fatchett was evidence of negligence on his part from which the jury would have been justified in finding a verdict against him in favor of the owner of the mare if he had been sued for her value by Hansen; but it does not follow that because Fatchett through his negligence rendered himself liable to

Hansen for the value of the mare that such negligence exonerates Duggan.    This is the first time we have known it argued that where the negligence of two parties injured a third and such third party sued one of the negligent parties, that the one sued could exonerate himself by showing the negligence of his co-actor.    Duggan owning this bull and knowing that he was vicious and dangerous, knowing that he had escaped from his herd or pasture and was at large in Fatchett's pasture, made no effort to regain possession and control of the bull, but permitted him to remain at large over night.    This was sufficient evidence of negligence on the part of Duggan to justify the jury in finding him liable for the value of Hansen's mare.    The judgment of the district court is

AFFIRMED.